# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 20-cv-2707-RM-STV

MARY SHAFFER, an individual,

    Plaintiff,

v.

FCA US LLC, a Delaware limited liability company;
ALAMO RENT-A-CAR, a Missouri limited liability company; and
DOES 1 to 25, inclusive,

    Defendant.

---

## ORDER

---

This matter is before the Court on Plaintiff's response (ECF No. 7) to the Court's Order to Show Cause (ECF No. 6). Upon consideration of the response, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

To start, subject matter jurisdiction may not be waived. *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Thus, "[f]ederal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party, and…a court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage in the litigation." *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quotation and citation omitted).

In this case, Plaintiff alleges she resides in California and that subject matter jurisdiction exists based on diversity of citizenship. Upon review of the complaint, the Court found

Plaintiff's allegations were insufficient to show complete diversity exists because she failed to account for the fact that Defendants are alleged to be limited liability companies. The Tenth Circuit, among others, has found that an unincorporated entity's citizenship is typically determined by its members' citizenship – not by its place of incorporation and principal place of business. *See Grynberg v. Kinder Morgan Energy Partners, L.P.,* 805 F.3d 901, 905-906 (10th Cir. 2015).

In response, Plaintiff provides several documents in an attempt to show the citizenship of the LLC Defendants is not the same as Plaintiff's but the Court finds such showing insufficient. For example, Plaintiff alleges that Enterprise Holdings, Inc. (the alleged owner of Enterprise Leasing Company of STL, LLC, which in turn is the alleged owner of Defendant Alamo) is a corporation and not an LLC. Thus, Plaintiff asserts, Enterprise Holdings, Inc. is "domiciled in the state of incorporation or its principal place of business," and its principal place of business is in Missouri.[1] Such allegations are insufficient because a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business." 28 U.S.C. 1332(c) (emphasis added).

Similarly, based on public filings from the California Secretary of State's office, Plaintiff alleges that none of the members of Defendant FCA US LLC are citizens of California because the address listed for the six members[2] are 1000 Chrysler Drive, Auburn Hills, Michigan. This is the same address that is listed for the principal place of business of Defendant FCA. That, however, is insufficient to show all members are *citizens* of Michigan. *See Reece v. AES Corp.,* 638 F. App'x 755 (10th Cir. 2016) (explaining that a person is a citizen of a state if the person is domiciled in that state, but that even allegations of "residence" may be insufficient because one

---

[1] ECF No. 7, p. 5.
[2] There are no allegations that the six members of the LLC, with different last names, are family members.

can reside in one place but be domiciled in another).

In summary, on this record, the Court finds the information Plaintiff has provided is insufficient. Accordingly, it is **ORDERED** that the Order to Show Cause (ECF No. 6) is made **ABSOLUTE** and that this action is dismissed without prejudice based on lack of subject matter jurisdiction. The Clerk is directed to close this case.

DATED this 21st day of September, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge